## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | |
|---|---|
| JAMES EARL JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:19-cv-76-NCC |
| A. BAETZ, et al., | ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff James Earl Johnson, an inmate at the Tipton Correctional Center, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $51.77. Additionally, for the reasons discussed below, the Court will dismiss plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a copy of his certified inmate account statement. (ECF No. 4). A review of plaintiff's account indicates an average monthly deposit of $258.84 and an average monthly balance of $130.40. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $51.77, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against correctional officers A. Baetz, Nancy Brenizer, and John Doe 1-3. His claims stem from an incident that occurred while he was incarcerated at the Moberly Correctional Center ("MCC"), an institution of the Missouri Department of Corrections ("MDOC"). Defendants are sued in their official and individual capacities.

Plaintiff alleges that on September 20, 2016 he was in his assigned Housing Unit 3-D, Cell #925. Between 7:00 p.m. and 7:30 p.m., plaintiff was approached by fellow inmate, Terrance Frost. Plaintiff alleges Frost "struck [him] once to the face with a balled fist while [he] was preparing to take a shower." Plaintiff was then approached by fellow inmate, Eddie Gordon, who he alleges "came up behind [him]" and "began choking [him] out in a forcible and painful manner until [he] passed out." Plaintiff claims Frost took "several canteen items" from his cell while

3

plaintiff was unconscious. After plaintiff regained consciousness, which he alleges was fifteen or twenty minutes later, Frost reentered his cell "threatening to sexually and physically assault [him] even further, if [he] alerted any of the assigned correctional officers" of the incident.

Plaintiff alleges correctional officers Baetz, Brenizer, and John Doe 1-3 failed to perform security checks in Housing Unit 3-D during the "fifteen to thirty minutes" the incident took place. He further alleges that if the officers performed security checks as per MDOC policy, they would have been able to assist him following the attack.

Plaintiff seeks $2,000,000 in compensatory damages and $1,000,000 in punitive damages.

## Discussion

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations omitted). *See also Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000) ("prison inmates have a clearly established Eighth Amendment right to be protected from violence by other inmates"). Prison officials must take reasonable measures to guarantee inmate safety and to protect prisoners from violence at the hands of other prisoners. *Berry v. Sherman*, 365 F.3d 631, 633-34 (8th Cir. 2004). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834; *Whitson v. Stone Cty. Jail*, 602 F.3d 920, 923 (8th Cir. 2010). "Rather, prison officials violate the Eighth Amendment only when they exhibit a deliberate or callous indifference to an inmate's safety." *Paterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018).

To state a failure-to-protect claim, plaintiff is required to allege that (1) defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to

him, (2) they actually drew the inference, and (3) they failed to take reasonable steps to protect him. *See Farmer*, 511 U.S. at 836-38, 844. "[A]n inmate seeking damages from prison officials for subjecting him to cruel and unusual punishment by failing to protect him from assault by another inmate 'must show something more than mere inadvertence or negligence.'" *Andrews v. Siegel*, 929 F.2d 1326, 1330 (8th Cir. 1991) (quoting *Miller v. Solem*, 728 F.2d 1020, 1025 (8th Cir. 1984)). Instead, a plaintiff "must show the defendants were deliberately indifferent to his constitutional rights, either because they actually intended to deprive him of some right, or because they acted with reckless disregard of his right to be free from violent attacks by fellow inmates." *Id. See also Farmer*, 511 U.S. at 837-38 (deliberate indifference limited to intentional, knowing, or recklessness in the criminal law context which requires actual knowledge of a serious risk).

"To establish 'reckless disregard' by prison officials, an inmate must show that he was faced with a 'pervasive risk of harm' and that the prison officials failed to respond reasonably to that risk." *Andrews*, 929 F.2d at 1330. Showing "pervasive risk of harm" "requires evidence of frequent violence or sexual assaults which places a prisoner or group of prisoners in reasonable fear for their safety; and prisoners must apprise the prison officials of the existence of the problem and the need for protective measures." *Falls v. Nesbitt*, 966 F.2d 375, 378 (8th Cir. 1992). "In every case, a 'pervasive risk' is *something more than a single incident* and something less than a riot." *Id.* (emphasis added).

Plaintiff's allegation that he was assaulted by two inmates on one occasion falls short of demonstrating a pervasive risk of harm. *See e.g., Reed v. Lombardi*, 2009 WL 1045498, at *2 (E.D. Mo. Apr. 20, 2009) ("plaintiff complains of only a single incident of sexual assault; this is insufficient to establish a pervasive risk of harm"); *Davis v. Smith*, 2008 WL 1925020, at *3 (E.D.

5

Mo. Apr. 29, 2008) (same). Notwithstanding plaintiff's complaint of a singular incident, plaintiff also fails to allege any facts that defendants were aware of a substantial risk to him and were deliberately indifferent to that risk. While plaintiff alleges defendants were "aware that violent offenders" were incarcerated in Housing Unit 3-D and defendants failed to perform security checks, plaintiff has not alleged that defendants had any knowledge that the failure to make rounds placed plaintiff at a greater risk of harm. He has not alleged that Frost or Gordon threatened him prior to the attack or that he reported any such threats to defendants. He has provided no facts to suggest that defendants knew that Frost or Gordon planned to attack plaintiff and that he feared for his safety. Therefore, plaintiff has failed to show something more than inadvertence or negligence for the alleged failure of defendants to perform routine security checks in the fifteen to twenty minutes plaintiff was attacked. *See e.g.*, *Conley v. Dep't of Corr.*, 2009 WL 211963, at *3 (E.D. Mo. Jan. 23, 2009) ("plaintiff's conclusory allegation that he was being housed at a 'maximum security prison' made up of 'violent offenders' does not meet the standard needed for a deliberate indifference claim"). In the absence of any prior knowledge of a specific, credible threat to plaintiff, defendants cannot be held liable in their individual capacities.

As to his official capacity claims against defendants, naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a government official in his or her official capacity, plaintiff must allege that a policy or custom of the employer is responsible for the alleged constitutional violation. *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). Plaintiff has not alleged that a policy or official action of MDOC led to his injuries. To the contrary, plaintiff

6

alleges the opposite when he states defendants failed to "follow[] the Missouri Department of Corrections policy of making security rounds every fifteen to twenty minutes."

Thus, plaintiff's claims against the defendants in their individual and official capacities will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (ECF No. 2). The motion will be denied as moot as this action is being dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $51.77 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

7

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 29th day of April, 2020.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**